ShackblfoRD, J.,
delivered the opinion of the Court;
This is an action brought by the defendant in error, before a Justice of the Peace of the County of Williamson, on a promissory note for $800, dated the 29th of December, 1859, due twelve months after date. There was a judgment rendered against the defendant in error, before the Justice; and an appeal was taken to the Circuit Court, in which there was a judgment for the defendant in error; from which there was an appeal in error, to this Court. It appears from the proof in the record, the consideration of the note in suit, was a sale of the one-third interest in a negro man slave, by the defendant in error to the plaintiff in error. On the day of the trade, the defendant in error executed an obligation, in which he bound himself to make the plaintiff in error a bill of sale of the one-third interest of the slave, upon the payment of the $300¿ Upon the execution of the note, the slave was delivered.
The Court charged the jury: “The plaintiff in error was responsible for the note and interest; that the obligation of the defendant in error to make title on the payment of the note, did not relieve the plaintiff in error from the payment of it — the slave having been emancipated by the act of the Government.”
We think there is no error in the charge of the Court. This was a sale of the one-third interest in the slave. He passed into the possession of the plaintiff in error, and the obligation of the defendant in error, was a retention of the lien for the payment of *646 the purchase money. ■ These are not dependent stipulations. The defendant in error hound himself to make the title upon the payment of the note; upon that being done, he -was liable, unless excused by operation of law. The slave having been emancipated, the condition became impossible. If one agrees to do a thing which it is lawful for him to do, and it becomes unlawful by the act of the Legislature, the act avoids the promise.
The rule in such cases, is, if the obligation be imposed upon a party by law, and does not arise from the contract, if it be rendered impossible by the act of Grod, or the Government, he will be excused from the performance of it. If the slave had died on the day after the sale, could the plaintiff in error have successfully resisted the payment of the note? Surely not: 4 Coldwell, 375; Story on Contracts, sec. 975; 2 Parsons on Contracts, 674.
The judgment of the Court must, therefore, be affirmed.